Matilda Loeb, Respondent, v. Brooklyn and Queens Transit Corporation, Appellant, Impleaded with Another.—

No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

Kay Newgold, Appellant, v. Bon Ray Hotel Corp., Respondent.—

The reply herein provided for may be served within ten days from the entry of the order hereon. The court's exercise of discretion was proper under the circumstances disclosed by the record, but the order as entered did not give to the plaintiff the right to serve a reply. Hagarty, Carswell, Adel, Taylor and Close, JJ., concur.

Christine S. Nicoll, as Trustee, Respondent, v. A. Chalmers Charles, as Ancillary Administrator, c.t.a., of Louise A. S. Sinclair, Deceased, Respondent. Kathleen Sinclair Tiffany, Appellant, Impleaded with Others.—

No opinion. Hagarty, Carswell, Adel, Taylor and Close, JJ., concur.

Samuel Polinsky, Respondent, v. Louis Saffer Co., Inc., et al., Defendants; Elless Factory, Inc., Appellant.—

The defense alleges, *inter alia*, that prior to the commencement of the action, plaintiff gave notice to appellant and to the Industrial Commissioner of the alleged injury, in accordance with the provisions of the Workmen's Compensation Law (Cons. Laws, ch. 67), and thereafter presented his claim for compensation under that law. The proof adduced in support of the motion for summary judgment establishes this allegation and the fact that appellant had procured compensation coverage. The plaintiff elected his remedy by applying for an award, despite failure on the part of the appellant to show compliance with section 51 of the Workmen's Compensation Law as to posting notices. Hagarty, Carswell, Adel, Taylor and Close, JJ., concur.